JUDGE FAILA

**14 CV 5979**

Martin F. Casey
**CASEY & BARNETT, LLC**
41 Madison Avenue, 25th Floor
New York, New York 10010
(212) 286-0225
Attorneys for Plaintiff

RECEIVED
JUL 31 2014
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o AMI TRADING (USA),
INC.

14 Civ.

**COMPLAINT**

      Plaintiff,

    - against –

MEDITERRANEAN SHIPPING COMPANY, S.A.,

      Defendant.
-----------------------------------------------------------X

    Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o AMI TRADING (USA), INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

    2.    At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 10 Exchange Place, Jersey City, New Jersey 07302, and is the subrogated underwriter of a consignment of 25 Bales Scrap Metal laden on board the M/V CARIBBEAN VOYAGER as more specifically described below.

3. At all material times, AMI TRADING (USA), INC. (hereinafter "AMI" or "Plaintiff") was and is a corporation organized and existing by virtue of one of the states of the United States with an office and place of business located at 1699 Coral Way, Ste 400, Miami, FL. 33145, and was the owner/shipper of the consignment of Scrap Metal on board the M/V CARIBBEAN VOYAGER, as more specifically described below.

4. At all material times, defendant, MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

6. On or about May 27, 2013, a consignment consisting of 25 Bales Scrap Metal, laden in container number MEDU 8315820, with a weight of 20,458 metric tons, then being in MSC and/or its agents in Port Au Prince, Haiti in consideration of an agreed upon freight paid in Miami, Florida, pursuant to MSC bill of lading number MSCUH9019228 dated May 27, 2013, for transportation to Mafang, Zhaoqing, China.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V CARIBBEAN VOYAGER and the vessel sailed for its intended destination.

8. On or about August 12, 2013, container number MEDU 8315820 was delivered to the cargo receiver in Mafang, Zhaoqing, China.

9. Upon discharge and delivery, it was discovered that the container had been breached and 1500 tons of Scrap Metal were missing and non-delivered.

10. As a result of the foregoing, AMI sustained a loss of $7,392.77 for the consignment.

11. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between AMI and IINA, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between AMI and IINA, monies have been expended on behalf of AMI to the detriment of IINA due to the damages sustained during transit.

14. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $7,392.77.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $7,392.77, together with interests, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      July 31, 2014
      115-1335

                      CASEY & BARNETT, LLC
                      Attorneys for Plaintiff

By: *Martin F. Casey* (signature)
     Martin F. Casey
     41 Madison Avenue, 25th Floor
     New York, New York 10010
     (212) 286-0225